IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES FINNERTY<br><br>  Plaintiff,<br>v.<br><br>PETER LIK GALLERIA, INC., dba<br>PETER LIK FINE ART PHOTOGRAPHY<br>AND PETER LIK RETAIL USA<br><br>  Defendants. | CA NO._____<br><br><br>Jury Demanded |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant PETER LIK GALLERIA, INC., dba PETER LIK FINE ART PHOTOGRAPHY AND PETER LIK RETAIL USA retaliated against Plaintiff Defendants PETER LIK GALLERIA, INC., dba PETER LIK FINE ART PHOTOGRAPHY AND PETER LIK RETAIL USA took adverse personnel actions against Plaintiff.

1.2 COMES NOW, JAMES FINNERTY, (hereinafter referred to as "Plaintiff") complaining of and against PETER LIK GALLERIA, INC., dba PETER LIK FINE ART PHOTOGRAPHY AND PETER LIK RETAIL USA (hereinafter referred to as "Defendants"), and for cause of action respectfully shows the court the following:

2. PARTIES

2.1. Plaintiff is an individual who resided in Houston, Harris County, Texas at the time the cause of action accrued.

2.2 Defendant PETER LIK GALLERIA, INC., dba PETER LIK FINE ART PHOTOGRAPHY is an employer engaging in an industry affecting interstate commerce, and employs more than 15 regular employees. Though it does business in the state of Texas, Defendant has failed to file or designate a registered agent for service of process with the State of Texas. Therefore, Plaintiff requests service through its Registered Agent, Oshins & Associates LLC, 1645 Village Center Circle, Suite 170, Las Vegas, NV 89134.

Defendant PETER LIK RETAIL USA is an employer engaging in an industry affecting interstate commerce, and employs more than 15 regular employees. Though it does business in the state of Texas, Defendant has failed to file or designate a registered agent for service of process with the State of Texas. Therefore, Plaintiff requests service through its Registered Agent, Oshins & Associates LLC, 1645 Village Center Circle, Suite 170, Las Vegas, NV 89134.

3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where in which all or part of the cause of action accrued and the District where Defendants maintain a residence, an agency or representative and where Defendant Peter Lik Galleria, Inc. is physically headquartered.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to Title VII of the Civil Rights Act of 1964, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to Title VII of the Civil Rights Act of 1964, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Title VII of the Civil Rights Act of 1964, as amended.

3.6. Compensatory damages may be awarded pursuant to Title VII of the Civil Rights Act of 1964, as amended.

4. STATEMENT OF CASE

4.1. Plaintiff began working for Defendants in May 2010. Defendants' business is that of selling high end photography based in retail stores nationwide. Plaintiff's work record was excellent; Plaintiff maintained very high sales records and was promoted to a director position. In March 2013, Defendants requested that Plaintiff move to Houston to become Defendants' newest Gallery Director. Plaintiff literally walked in the door and closed his first sale the day he drove in.

4.2. Defendants acknowledge that Plaintiff's sales and closing as director and the Houston gallery location were excellent and sent companywide emails acknowledging same. The Defendants' consultant sales spread sheets indicate that Houston's sales (of over 4 million dollars) were the second highest companywide until the day the Defendants demoted Plaintiff and constructively terminated him. Plaintiff's success was a result of his extremely hard work and extensive hours worked. Rick Parker, Gallery Director, acknowledged in an email just before Defendants took adverse action against Plaintiff that he was working "doubles" four to five times per week.

4.3. When the Defendants conveyed to Plaintiff verbally as well as in writing that they would not hire qualified African Americans for sales positions, Plaintiff communicated his protected opposition to those illegal policies and reported the conduct to Defendants.

4.4. Defendants maintain a paternal practice where they have not hired African Americans for sales positions including one individual already employed in another capacity. Witnesses have heard Peter Lik himself shout, "Get those f'ing N-words (except Lik used the racial slur and swear word) out of my gallery, they don't buy anything anyway." Another employee said to an African American employee who was "vanilla' enough to be hired that you are not Caucasianistic enough. Another consultant told this individual that he could not say that. One of the members of upper management said he hired an African American woman because she was a "hot black chick."

4.5. Defendants responded by demoting Plaintiff and constructively terminating him. Defendants have no legitimate business reasons for their actions toward Plaintiff. In fact, on October 4, 2013, Rick Parker emailed management, that Mark Singleton, one of the other gallery directors in Houston was still "learning."

4.6. Defendants retaliated against Plaintiff for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended for reporting and opposing Defendants' illegal discriminatory acts based on race.

5. TIMELINESS

5.1. Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.

6. ADMINISTRATIVE CONDITIONS PRECEDENT

6.1. Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7. DAMAGES

7.1. As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8. ATTORNEY'S FEES

8.1. Defendants' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

    9.1.1. Judgment against Defendants, for actual damages sustained by Plaintiff as alleged herein;

    9.1.2. Judgment against Defendants, for back pay lost by Plaintiff as alleged herein;

    9.1.3. Judgment against Defendants, for front pay by Plaintiff as alleged herein;

9.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5. Pre-judgment interest at the highest legal rate;

9.1.6. Post-judgment interest at the highest legal rate until paid;

9.1.7. Damages for mental pain and mental anguish;

9.1.8. Compensatory damages;

9.1.9. Exemplary and punitive damages;

9.1.10. Attorney's fees;

9.1.11. All costs of court expended herein;

9.1.12. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

/s/ Ellen Sprovach
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF